HIRAM SHEFFILL & wife *vs.* GEORGE J. VAN DEUSEN & wife.

The refusal of a judge to require the plaintiff to elect upon which of two counts in slander, alleged to be for the same cause of action, he will proceed, is no ground of exception.

Evidence of the moral or intellectual character of a person in whose hearing and to whose understanding slanderous words are spoken is immaterial upon the question of damages in an action for the slander.

The damages in an action of slander cannot be mitigated by evidence of a provocation given by the plaintiff to the defendant on the evening before the speaking of the slanderous words.

SLANDER. The new trial ordered after the decision in 13 Gray, 304, was had in the superior court before *Putnam*, J., to whose rulings the defendants alleged exceptions, so much of which as was relied on in argument is stated in the opinion.

*M. Wilcox*, for the defendants, cited *Cook* v. *Barkley*, Pennington, 123; *Botelar* v. *Bell*, 1 Maryland, 173.

*J. E. Field*, for the plaintiffs.

METCALF, J. The refusal of the judge to require the plaintiffs to elect on which count in their declaration they would proceed in the trial is not a legal ground of exception. The two counts were for the same cause of action; the same words were set forth in both; and the only difference between them was in the offence which the words spoken by the female defendant were alleged to have charged upon the female plaintiff; one alleging that the words charged her with keeping a house of ill fame, and the other alleging that they charged her with adultery.

It is stated in the bill of exceptions, that the words spoken in the presence of a negro woman, and of no other person, were alone relied on to prove the plaintiff's case. The jury therefore, under the instructions given to them, must have found that the negro woman heard and understood the words, though she testified that she did not hear them. And neither her moral nor intellectual character was a matter which the judge could direct the jury to take into consideration as material in their assessment of the damages which the plaintiffs had sustained

by the speaking, in her presence and hearing, of words which she understood.

Evidence that the female plaintiff, on the evening before the slanderous words were uttered, addressed provoking and violent words to the female defendant, was rightly excluded. The principle on which evidence of provocation is received is the same in a suit for slander as in a suit for an assault and battery, namely, that the law makes allowance for the infirmities of human nature and for what is done in the heat of passion caused by the improper conduct of the adverse party; but a defendant is not allowed to introduce evidence, in mitigation of damages, of a provocation given by the plaintiff at another time, and not connected with the injury for which the action is brought. *Maynard* v. *Beardsley,* 7 Wend. 560. *Goodbread* v. *Ledbetter,* 1 Dev. & Bat. 12. *Bourland* v. *Eidson,* 8 Grat. 27. *Wakley* v. *Johnson,* Ry. & Mood. 423. *Child* v. *Homer,* 13 Pick. 503. 2 Greenl. Ev. § 275. *Exceptions overruled*